UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:26-CV-00497-GNS

JUAN ARRENDONDO BUENDIA                                            PETITIONER

v.

SAMUEL OLSON, Field Office Director,
Chicago Field Office,
Immigration and Customs Enforcement,
in his official capacity;
MARKWAYNE MULLIN,
Secretary, U.S. Department of Homeland Security,
in his official capacity;
TODD BLANCHE, U.S. Attorney General,
in his official capacity;
DAVID J. VENTURELLA,
Acting Director of U.S. Immigration and Customs Enforcement,
in his official capacity; and
JEFF TINDALL, Oldham County Jailer,
Oldham County Detention Center,
in his official capacity                                          RESPONDENTS

## **ORDER**

This matter is before the Court on the Petitioner's Petition for Writ of Habeas Corpus (DN 1).

Petitioner Juan Arrendondo Buendia ("Buendia"), a native and citizen of Mexico, alleges that he entered the United States without admission or inspection in 2006.  (Pet. ¶ 2, DN 1). Respondents, however, have presented evidence that he was already in the United States in 2003 when he pleaded guilty to the offense of possession with intent to distribute marijuana in Tennessee state court, and he was sentenced to two years in prison.  (Resp'ts' Resp. Show Cause Order Ex. 1, at 1-3, DN 7-1; Resp'ts' Resp. Show Cause Ex. 2, at 4, DN 7-2).

On June 11, 2026, he was pulled over by a local law enforcement agency in Indiana. (Pet. ¶ 3).  He was then transferred to the custody of the Department of Homeland Security ("DHS") and placed in removal proceedings.  (Pet. ¶ 3).  He was served with a Notice to Appear and Warrant for Arrest of Alien.  (Resp'ts' Resp. Show Cause Order Ex. 2, at 1-4; Resp'ts' Resp. Show Cause Order Ex. 3, at 1, DN 7-3).  He is currently detained at Oldham County Detention Center.  (Pet. ¶¶ 1, 8).

Buendia filed the Petition for Writ of Habeas Corpus against Respondents:  Samuel Olson, Field Office Director for the Chicago Field Office of Immigration and Customs Enforcement ("ICE"); Markwayne Mullin, Secretary of the DHS; Todd Blanche, Acting U.S. Attorney General; David J. Venturella, Acting Director of ICE; and Jeff Tindall, Oldham County Jailer.  (Pet. ¶¶ 17-21).  In the Petition, he challenges his continued detention and alleges violations of the Immigration and Nationality Act, and his due process rights under the Fifth Amendment.  (Pet. ¶¶ 82-89).  Buendia also requests a temporary restraining order but did not move for such relief.  (Pet. ¶¶ 93-96).

A writ of habeas corpus "may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions."  28 U.S.C. § 2241(a). Section 2241 "is an affirmative grant of power to federal courts to issue writs of habeas corpus to prisoners being held 'in violation of the Constitution or laws or treaties of the United States.'" *Rice v. White*, 660 F.3d 242, 249 (6th Cir. 2011) (quoting 28 U.S.C. § 2241(c)).  In seeking habeas relief, Buendia bears the burden of proving by a preponderance of the evidence that his detention is unlawful.  *See Freeman v. Pullen*, 658 F. Supp. 3d 53, 58 (D. Conn. 2023); *Lallave v. Martinez*, 609 F. Supp. 3d 164, 171 (E.D.N.Y. 2022).

In relevant part, 8 U.S.C. § 1226 provides

> The Attorney General shall take into custody any alien who—
> (A)    is inadmissible by reason of having committed any offense covered in section 1182(a)(2) of this title,
> . . .
> when the alien is released, without regard to whether the alien is released on parole, supervised release, or probation, and without regard to whether the alien may be arrested or imprisoned again for the same offense.

8 U.S.C. § 1226(c)(1).  In addition, 8 U.S.C. § 1182 provides:

> Except as provided in clause (ii), any alien convicted of, or who admits having committed, or who admits committing acts which constitute the essential elements of—
> . . .
> (II)    a violation of (or a conspiracy or attempt to violate) any law or regulation of a State, the United States, or a foreign country relating to a controlled substance (as defined in section 802 of Title 21),
> is inadmissible.

8 U.S.C. § 1182(a)(2)(A)(i)(II).  Because Buendia was convicted of a drug offense in state court,

he is subject to mandatory detention under Section 1226(c).

In addition, this Court lacks jurisdiction to review the determination to detain Buendia.

In relevant part, Section 1226 provides:

> The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review.  No court may set aside any action or decision by the Attorney General under this section regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole.

8 U.S.C. § 1226(e).

Finally, on July 8, 2026, an immigration judge ordered Buendia's removal from the United States, and he waived an appeal of that decision.  Because he is subject to a final order of removal, this Court lacks jurisdiction pursuant to 8 U.S.C. § 1252(g) to the extent that the Petition could be construed to challenge Buendia's removal.

Accordingly, **IT IS HEREBY ORDERED** that the Petition for Writ of Habeas Corpus (DN 1) is **DISMISSED WITHOUT PREJUDICE**. The Clerk shall strike this matter from the active docket.

**Greg N. Stivers, Judge**
**United States District Court**
July 16, 2026

cc:    counsel of record

4